## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CITIZEN POTAWATOMI NATION,**<br>  **a federally recognized Indian Tribe,**<br>**1601 S. Gordon Cooper Drive**<br>**Shawnee, Oklahoma 74801**<br>           **Plaintiff,** | ) )<br>)<br>)<br>)<br>)<br>)<br>) |  |
| **v.** | )<br>) | **Case**<br>**Number:  1:06CV00830** |
| **LYNN SCARLETT, Acting Secretary of the Interior;**<br>**KENNETH REINFELD, Acting Director of the**<br>     **Office of Self-Governance,**<br>     **Bureau of Indian Affairs**<br>**Department of the Interior**<br>**1849 C Street, N.W.**<br>**Washington, D.C. 20240** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Judge Gladys Kessler** |
| **STEVEN K. LINSCHEID,**<br>   **Chief Administrative Judge**<br>   **Interior Board of Indian Appeals**<br>**801 North Quincy Street, Suit 300**<br>**Arlington, Virginia  22203**<br>           **Defendants.** | )<br>)<br>)<br>)<br>)<br>) |  |

# EXHIBIT D

# TO

# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT



# United States Department of the Interior

### OFFICE OF HEARINGS AND APPEALS
### INTERIOR BOARD OF INDIAN APPEALS
### 801 NORTH QUINCY STREET
### SUITE 300
### ARLINGTON, VA 22203

| | |
|---|---|
| CITIZEN POTAWATOMI NATION,<br>Appellant,<br><br>v.<br><br>DIRECTOR, OFFICE OF SELF-<br>GOVERNANCE, BUREAU OF<br>·INDIAN AFFAIRS,<br>Appellee. | Order Concerning Jurisdiction,<br>Order for Briefing on Merits,<br>and Order Granting in Part and<br>Overruling in Part Objection<br>to Administrative Record<br><br>Docket No. IBIA 04-16-A<br><br>September 14, 2004 |

Appellant Citizen Potawatomi Nation (Nation) seeks review of a pre-award dispute with the Director, Office of Self-Governance (Director), regarding the Nation's Fiscal Year 2004 Annual Funding Agreement (AFA) with the Department of the Interior. As characterized in the notice of appeal, the dispute pertains to a determination by the Department to reduce the Nation's base budget by $65,521 for Fiscal Year 2004, and to the Department's application of a funding formula agreed to in 1988 by the five tribes served by the Bureau of Indian Affairs' Shawnee Agency.

The Nation also has pending, before the Interior Board of Contract Appeals (IBCA), a separate post-award appeal (No. IBCA 4522/04) from a January 20, 2004, decision by the Director denying the Nation's Contract Disputes Act claim for the disputed $65,521 amount with respect to Fiscal Year 2003 funding.

On April 16, 2004, noting the potential for overlap between the two appeals and the Director's apparent reliance on an earlier IBCA decision in an earlier related appeal, the Board of Indian Appeals (Board) issued a notice of docketing and order for briefing on jurisdiction, which has now been completed. 1/

---

1/ The Board notes that on June 1, 2004, the IBCA issued an order which, among other things, urged settlement negotiations between the parties and requested that the parties file a joint report with the IBCA by August 31, 2004. This Board delayed a ruling on the jurisdictional issue and further proceedings, pending a report by the parties to the IBCA regarding potential settlement. This Board understands that to date, no report has been filed by the parties with the IBCA, and has decided to proceed with briefing in this case without further delay.

The parties agree that the Nation's appeal before the Board is a pre-award dispute over which the Board has jurisdiction pursuant to 25 C.F.R. § 1000.432(b)(2). After consideration of the briefs and relevant portions of the administrative record, the Board agrees that it has jurisdiction over this appeal. In addition, the briefs submitted on the issue of jurisdiction — which also touched the underlying merits — indicate that the appropriate scope of this Board's review and decision cannot be determined without complete consideration of the merits. The Board still has some concerns about potential overlap between issues raised in this appeal and those raised before the IBCA. However, the Board concludes that without the benefit of full briefing on the merits, it would be premature to decide whether this appeal should be limited in any way, based on the proceedings before the IBCA. Accordingly, the Board will establish a schedule to complete briefing on the merits of this appeal.

The Board also has a pending objection from the Nation to the administrative record as submitted by the Director. The Nation contends that the primary issue raised in this appeal is the Director's application of the 1988 funding formula, and therefore the Director improperly failed to include in the record documents such as the 1988 funding formula itself, and supporting documentation relating to tribal enrollment and property figures used by the Department for the funding levels included in the Nation's 2004 AFA. The Nation also objects that the Director failed to certify that the record transmitted is complete, as required by the regulations.

The Nation's objection to the administrative record is partially granted, and partially overruled.

Section 4.335(b)(3) of 43 C.F.R. requires that the administrative record shall include a "[c]ertification that the record contains all information and documents utilized by the deciding official in rendering the decision appealed." The administrative record transmitted by the Director in this appeal did not include the required certification, nor did the Director respond to the Nation's argument that he failed to comply with this requirement. Therefore, <u>on or before October 1, 2004, the Director shall file with the Board the required certification that the administrative record submitted to the Board is complete.</u> If the administrative record that was submitted is not complete, the Director shall supplement the record accordingly by that date, and provide the required certification of completeness.

With respect to the Nation's objection that the administrative record is incomplete because it fails to contain documents pertaining to the 1988 funding formula and its application, the objection is overruled. The Nation has not demonstrated that there are documents that the Director actually utilized or relied upon in making his decision concerning

2

the disputed 2004 AFA funding. 2/ As the Board understands his position, the Director contends that the Department is bound by prior administrative and judicial decisions, regardless of how the 1988 formula might otherwise be interpreted or applied. Therefore, the Director's decision apparently is based on the premise that the additional factual information that the Nation contends must be in the record is not information that the Director need consider. Whether the Director's position is correct, either as a matter of law or as a proper exercise of discretion, is one of the issues before the Board in this appeal. 3/

To the extent that the Nation contends that the Director has committed legal error or abused his discretion in failing to consider updated factual statistics and failing to agree to adjusted funding levels to conform to those statistics, the Nation is not precluded from raising those arguments in this appeal and may append to its briefs any documents or information that it considers appropriate for the Board to consider in reviewing the Director's decision. Cf. Olson v. Portland Area Director, 31 IBIA 44 (1997) (Board has allowed parties to supplement record on appeal as long as opposing parties have an opportunity to respond). In addition, should the Nation contend that the Director improperly failed to consider certain information or documents, to which the Nation has not been provided access, the Nation is free to describe the type or nature of such documents and argue how and why the Director should have considered them in reaching a decision on 2004 AFA funding levels.

In accordance with 43 C.F.R. § 4.311(e), Appellant's opening brief on the merits is due on or before October 22, 2004. The filing of an opening brief is not required under the Board's regulations, and Appellant may choose to rely upon the materials in the record, the notice of appeal, and the briefs filed to date. Appellant is advised, however, that it bears the burden of proving error in the decision being appealed.

Opposing parties or their counsel may file an answer(s) within 30 days from receipt of Appellant's opening brief. If no opening brief is filed, opposing parties may file a brief(s) within 30 days from the date the Appellant's opening brief was due. Appellant shall have 15 days from receipt of any answer brief(s) in which to file a reply brief.

---

2/ Obviously, the Director may still supplement the record with documents pertaining to the 1988 funding formula, if the Director concludes it is necessary in order to comply with 25 C.F.R. § 4.335. Based on the arguments presented by the Nation, however, the Board concludes that the Nation had not demonstrated that the record is incomplete.

3/ For purposes of this appeal, and in light of the Director's apparent position here, it may be appropriate for the Director to consider whether he would be willing to stipulate that if the 1988 formula were interpreted and implemented in the manner suggested by the Nation (i.e., with certain updated statistics), it would result in the calculation of a higher funding level for the Nation than the level to which the Director agreed in the 2004 AFA.

<u>Copies of all pleadings filed with the Board must be served on all interested parties.</u> 43 C.F.R. §§ 4.310(b), 4.333(a). If counsel is appearing for an interested party, counsel should enter an appearance, after which service should be made on counsel. <u>A certificate or affidavit evidencing service shall be filed concurrently with the document furnished to the Board.</u>

The parties are advised that <u>the Board will <b>not</b> accept any filing by facsimile transmission (fax)</u> unless the Board has first granted permission for the filing of that particular document by fax. The Board may grant permission to file by fax in extraordinary circumstances. Because documents filed with the Board are filed as of the date of mailing, extraordinary circumstances do not include the fact that a filing is due that day. <u>Any document filed by fax without permission will not be accepted.</u>

If any party wishes to, it may include with the paper copy of its filing an electronic copy of that filing on a diskette or CD-rom in either Corel WordPerfect® or Microsoft Word® format.

The Board's Internet website, containing a searchable database of its decisions, is currently off-line, due to a court order. However, its decisions can be searched on the free, private website www.ibiadecisions.com and on the for-fee websites of WestLaw and Lexis-Nexis. Although there is some delay in providing Board decisions to the operators of these sites, they are relatively current.

The parties are advised that the Board strongly encourages the voluntary resolution of disputes brought before it. Such resolutions might take the form of traditional settlement discussions, or might involve the use of some form of alternative dispute resolution (ADR), such as mediation.

If the parties wish to discuss the possibility of settling this dispute or engaging in ADR, they should so inform the Board. Upon receiving such notification, the Board may stay further proceedings before it while the parties are exploring other possibilities.

If the parties would like to use mediation or another form of ADR, but have questions about the process, would like assistance in locating a neutral, or have other concerns, they may contact either the Board, which will refer them to the Department's Office of Collaborative Action and Dispute Resolution (CADR), or they may contact CADR directly. CADR does not normally provide neutrals, but can answer questions about ADR processes and assist parties in locating a mutually acceptable neutral.

The parties are also advised that the Board reviews all appeals, usually on several occasions, to determine whether it believes that the parties might benefit from the use of ADR.

4

If it believes that the parties might benefit from the use of ADR, the Board may order them to participate in an assessment conference to determine whether ADR is likely to be successful. The Board will not, however, order the parties to mediation or any other form of ADR over their objections.

Steven K. Linscheid
Chief Administrative Judge

Distribution: See attached list.

Distribution    IBIA 04-16-A

James D. Bachman, Esq.
Ron R. Hutchinson, Esq.
for Citizen Potawatomi Nation
4245 North Fairfax Dr., Suite 850
Arlington, VA  22203

Charles R. Babst, Jr., Esq.
Office of the Field Solicitor
U.S. Department of the Interior
7906 East 33rd Street, Suite 100
Tulsa, OK  74145

William A. Sinclair, Director
Office of Self-Governance
Assistant Secretary - Indian Affairs
MS 2542-MIB
U.S. Department of the Interior
1849 "C" Street, N.W.
Washington, DC  20240

Bernard V. Parrette, Administrative Judge
Interior Board of Contract Appeals
Office of Hearings and Appeals
U.S. Department of the Interior
801 N. Quincy St., Suite 300
Arlington, VA  22203