## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZEN POTAWATOMI NATION, ) | |
| a federally recognized Indian Tribe, ) | |
| 1601 S. Gordon Cooper Drive ) | |
| Shawnee, Oklahoma 74801 ) | |
|      Plaintiff, ) | |
| ) | |
|      v. ) | **Case** |
| ) | **Number:  1:06CV00830** |
| LYNN SCARLETT, Acting Secretary of the Interior; ) | |
| KENNETH REINFELD, Acting Director of the ) | Judge Gladys Kessler |
|    Office of Self-Governance, ) | |
|    Bureau of Indian Affairs ) | |
| Department of the Interior ) | |
| 1849 C Street, N.W. ) | |
| Washington, D.C. 20240 ) | |
| ) | |
| STEVEN K. LINSCHEID, ) | |
|   Chief Administrative Judge ) | |
|   Interior Board of Indian Appeals ) | |
| 801 North Quincy Street, Suit 300 ) | |
| Arlington, Virginia  22203 ) | |
|      Defendants. ) | |
| ) | |

# EXHIBIT H

# TO

# PLAINTIFF'S MOTION FOR DEFAULT
# JUDGMENT

**\*9240 IBCA No.** 4317R-4318R/02

**IBCA No. 4317R-4318R/02**
**2003 WL 133,274**

**IBCA**

**APPEALS OF ABSENTEE SHAWNEE TRIBE OF OKLAHOMA**
Compact No. OSGT 820 (AFA's 2000 & 2001)
January 14, 2003

Director, Office of Self-Government
APPEARANCE FOR APPELLANT: William R. Perry, Esq.
Sonosky, Chambers, Sachse, et al.
Washington, D.C.
APPEARANCE FOR INTERVENOR: Jon N. Pappas, Esq.
Shawnee, Oklahoma
APPEARANCE FOR GOVERNMENT: Charles R. Babst, Jr., Esq.
Department Counsel
Tulsa, Oklahoma

Order Denying Intervenor's Motion to Reconsider Board's Final
Decision

On November 4, 2002, the Board issued its Decision in the
above-entitled matter, granting the Absentee Shawnee Tribe's
Motion for Summary Judgment.  The Decision was final, subject to
a possible appeal to the Federal Circuit Court of Appeals.
However, on December 4, 2002, counsel for the Citizen Potawatomi
Nation (Intervenor) submitted a Motion seeking to have the Board
reconsider its Decision "pursuant to Rule 40(a)(1)," on the basis
of a brief submitted in support of its Motion.  The asserted Rule
40(a)(1) was not quoted or otherwise referred to, and the Motion
does not attempt to provide or discuss any legal basis for a
reconsideration request by the Intervenor, which was not a party
to the Appeal before the Board.  In addition, as pointed out by
Appellant's Brief in Opposition to the Motion, the Intervenor
does not present any new grounds for reconsideration beyond what
it had argued previously.

Reconsiderations of decisions by Boards of Contract Appeals
are relatively rare and are not undertaken without good cause.
Our rule at 43 CFR 4.315 clearly states that reconsideration is
to be granted "only in extraordinary circumstances" pursuant to a
petition by a party to the decision.  In addition, cases by other
Boards make clear that reconsideration is virtually always denied
when the motions for it argue points already made and issues that
have already been, or could have been, raised earlier.  See ROI
Investments v. General Services Administration, GSBCA No. 15488,
01-2 BCA 31,523, and Janice Cox dba Occupro Limited, ASBCA No.
50587, 01-2 BCA 31,619.  Essentially, to justify reconsideration,

either new evidence must be presented, Elam Woods Construction
Company, ASBCA No. 52448, 02-1 BCA 31,658, or factual or legal
errors must be present, John Blood, AGBCA No. 2002, 02-1 BCA
31,830.

     Here, no new evidence has been provided, and no factual or
legal error as such has been alleged.  The Intervenor complains
only that awarding money to Appellant is likely to cause the
Government to withhold the same amount from the Intervenor in the
future, an issue that was not before the Board.  It therefore
asks that the Board award a similar amount to the Intervenor as
well.  But under the facts of this Appeal we have no authority to
do so.  Accordingly, the Motion for Reconsideration must be, and
hereby is, denied.
Bernard V. Parrette
Administrative Judge

I concur:
Candida S. Steel
Chief Administrative Judge