IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN POTAWATOMI NATION,<br> a federally recognized Indian Tribe,<br>1601 S. Gordon Cooper Drive<br>Shawnee, Oklahoma 74801<br>      Plaintiff,<br><br>      v.<br><br>LYNN SCARLETT, Acting Secretary of the Interior;<br>KENNETH REINFELD, Acting Director of the<br>   Office of Self-Governance,<br>   Bureau of Indian Affairs<br>Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>STEVEN K. LINSCHEID,<br>  Chief Administrative Judge<br>  Interior Board of Indian Appeals<br>801 North Quincy Street, Suit 300<br>Arlington, Virginia  22203<br>      Defendants. | Case<br>Number:  1:06CV00830<br><br>Judge Gladys Kessler |

## PROPOSED ORDER

Plaintiff's Motion for Default Judgment against the above-named defendants is **Granted.**

**It Is Further Ordered** that:

(1) the decision dated January 25, 2006 issued by the Interior Board of Indian Appeals in <u>Citizen Potawatomi Nation v. Director, Office of Self-Governance</u>, 42 IBIA 160 (the <u>CPN</u> Decision) is vacated and overturned;

(2) the Department of the Interior is hereby enjoined from implementing the <u>CPN</u> Decision as final agency action;

(3) this matter is remanded back to the Interior Board of Indian Appeals ("IBIA") for further proceedings in accordance with the following instructions:

    (i)    further develop the administrative record to determine the meaning of the Funding Formula agreement with respect to (a) application of the factors specified in the Funding Formula agreement in future fiscal years after Fiscal Year 1989, and (b) the Department's regulation at 25 C.F.R. § 1000.98(a)(1) that requires that any formula-driven distribution formula be reasonably related to the function or service performed;

    (ii)    if, after further development of the administrative record, the IBIA determines that the Funding Formula agreement is not ambiguous, the IBIA should interpret that agreement, without reliance upon extrinsic evidence, based only on the plain language of the tribal resolutions that comprise the agreement;

    (iii)    if, after further development of the administrative record, the IBIA determines that the agreement is still viewed as ambiguous, the administrative record should further be developed to determine (a) the intent of the parties to the Funding Formula agreement; and (b) Plaintiff's knowledge of and actions prior to 1998 with respect to the Department's application of the factors specified in the Funding Formula;

(iv)  the administrative record must be supplemented by current data for Fiscal Year 2004 on the actual tribal enrollment, resident tribal population, and trust acreage that exists in that year for the five Shawnee Agency tribes in order to establish a basis for the IBIA to determine whether the Department complied with its governing regulation at 25 C.F.R. § 1000.98(a)(1) regarding formula-driven distribution formulas;

(v)   Plaintiff is not collaterally estopped from litigating the issue at the IBIA of its entitlement to at least $65,521 in Fiscal Year 2004 funds under Factor 3 of the Funding Formula;

(vi)  the administrative record must be further developed to determine the effect of the holding in Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 142 F.3d 1325 (10th Cir.1998) (the "Collier Decision") (holding that CPN has the exclusive use and occupancy of its former reservation) on the "territorial jurisdiction" element of Factor 3 of the Funding Formula agreement;

(vii) if, after the administrative record is further developed, the IBIA determines that CPN's "territorial jurisdiction" for purposes of allocating funding under Factor 3 is defined by its former reservation boundaries as a result of the Collier Decision, the administrative record should be further supplemented to include current data establishing the number of total resident tribal

population (both members of CPN and members of other tribes) in CPN's territorial jurisdiction as defined by its former reservation boundaries.

_____
Gladys Kessler
United States District Judge

Distribution to:

Lynn Scarlett
Acting Secretary of the Interior
Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

Kenneth Reinfeld
Acting Director of the Office of Self Governance
Bureau of Indian Affairs
Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240

Steven K. Linscheid
Chief Administrative Judge
Interior Board of Indian Appeals
801 N. Quincy Street, Suite 300
Arlington, Virginia 22203

Kenneth Wainstein
United States Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

Alberto Gonzales
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

James D. Bachman
Doyle & Bachman, LLP
4350 N. Fairfax Drive, Suite 420
Arlington, Virginia 22203