IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN POTAWATOMI NATION,  )<br>    Plaintiff,  )<br>)<br>    v.  )<br>)<br>LYNN SCARLETT, Acting Secretary of the Interior;  )<br>KENNETH REINFELD, Acting Director of the  )<br>    Office of Self-Governance,  )<br>    Bureau of Indian Affairs  )<br>)<br>STEVEN K. LINSCHEID,  )<br>  Chief Administrative Judge  )<br>  Interior Board of Indian Appeals  )<br>    Defendants.  )<br>) | Case<br>Number: 1:06CV00830<br><br>Judge Gladys Kessler |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

Plaintiff, Citizen Potawatomi Nation ("CPN"), through the undersigned counsel, hereby opposes Defendants' Motion for An Extension of Time To Oppose Plaintiff's Motin for Default Judgment. Counsel for the Federal Government Defendants seeks a two-week extension of time within which to respond to Plaintiff's Motion for Default Judgment. The Government's motion should be denied because there is no "good cause" that has been established to allow the requested extension of time.

All of the Defendants as well as the U.S. Attorney General and the U.S. Attorney's office had 60 days up through July 10, 2006 to file a response to CPN's complaint or to otherwise seek an extension of time within which to do so. Now over

1

another 60 days later (and over 120 days since the complaint and summonses were served upon the Defendants by CPN), counsel for Defendants wants another two-weeks to respond to CPN's Motion for Default Judgment. The only reason relied upon for the Government's request for yet more time is that there "appears to have been internal confusion within the Department of Justice and the United States Attorney's Office regarding which litigating unit would handle the case." <u>See</u> Defendants' Motion For Extension of Time at page 1. This is not good cause for any further extension of time.

Since mid-July 2006, when the Government missed its 60-day deadline to respond to CPN's complaint, CPN has been attempting to determine from the Government when there would be a response to CPN's complaint or, at least, which Government counsel would be assigned to the case. But yet the Government and its counsel took no action and never responded to CPN. The Government and its counsel have had more than ample time to resolve any alleged internal confusion regarding which litigating until would handle the Government's response to CPN's action. The Government now seeks to rely upon its own inaction to justify yet more time to provide some response.

This Court should not allow the Government to rely upon this alleged internal confusion to seek yet more time. The alleged internal confusion, which is the sole reason for the Government's request, is within the complete control of the Government itself. There is no good reason why the Government could not have resolved this alleged confusion well before its July 10, 2006 deadline for responding to CPN's complaint. Nor is there any good reason why this Court should now allow the Government to rely upon this alleged confusion to obtain yet more time to respond.

For all these reasons, this Court should deny the Government's motion for an extension of time.

>Respectfully submitted,
>
>CITIZEN POTAWATOMI NATION
>
>By: \_\_\_/s/ James D. Bachman\_\_\_
>James D. Bachman
>D.C. Bar No. 332650
>
>Ron R. Hutchinson
>D.C. Bar No. 428039
>
>Doyle & Bachman, LLP
>4350 N. Fairfax Drive
>Suite 420
>Arlington, Virginia  22203
>(703) 465-5440
>Fax:  (703) 465-5593

Dated:  September 25, 2006