UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN POTAWATOMI NATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, et al., )<br>)<br>Defendants. )<br>_____ ) | No. 06-0830 (GK) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND MOTION TO VACATE CLERK'S ENTRY OF DEFAULT**

Defendants Dirk Kempthorne,[1] Secretary of the Interior, Kenneth Reinfeld, Acting Director of the Office of Self-Governance, Bureau of Indian Affairs, and Steven K. Linscheid, Chief Administrative Judge, Interior Board of Indian Affairs, through undersigned counsel, respectfully file this opposition to plaintiff's motion for default judgment. Defendant also cross-moves to vacate the Clerk's entry of default.[2]

**PROCEDURAL HISTORY**

According to the docket sheet in this action, plaintiff initially filed its complaint on May 5, 2006. Plaintiff's complaint seeks to challenge under the Indian Self-Determination and

---

[1] Although plaintiff's complaint names Lynn Scarlett as a defendant in her official capacity as the Acting Secretary of the Interior, Dirk Kempthorne was confirmed as the Secretary of the Interior on May 26, 2006. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d)(1), he is automatically substituted as a defendant in this action.

[2] Pursuant to Local Civil Rule 7(m), undersigned counsel spoke to plaintiff's counsel on October 12, explained to him the reasons defendants were requesting that the default be vacated and plaintiff's motion be denied (including improper service), and requested that plaintiff withdraw its motion for default. Plaintiff's counsel did not consent to this request.

Education Assistance Act, 25 U.S.C. § 450m-1(a), and the Administrative Procedures Act, 5 U.S.C. § 702, et seq., a decision of the Interior Board of Indian Appeals.

It also appears from the docket sheet in this action and affidavits of service filed by plaintiff that plaintiff served the complaint on the Attorney General and the United States Attorney's Office for the District of Columbia by certified mail on May 9, 2006.[3] See Docket Entries 3 & 4. Affidavits of service filed with the Court also indicate that plaintiff served the complaint on defendant Linscheid by certified mail on May 8, 2006, see Docket Entry 7, on defendant Scarlett by certified mail on May 9, 2006, see Docket Entry 5, and on defendant Reinfeld by certified mail on May 12, 2006, see Docket Entry 6. See also Docket Entry 8 (certified mail return receipts for service on the aforementioned defendants).

On September 7, 2006, the Court issued an Order requiring plaintiff to show cause why this case should not be dismissed for failure to prosecute. See Docket Entry 9. Plaintiff responded to the Court's Order on September 15, 2006 and filed a motion for default judgment against defendants.[4] On September 20, 2006, the Court vacated its September 7, 2006 Order to Show Cause.

On September 22, 2006, undersigned counsel was assigned this matter and informed that a default against defendants had been entered and that plaintiff had filed a motion for default judgment. Immediately upon being assigned this matter, undersigned counsel filed a motion for

---

[3] The registered mail service copy to the United States Attorney for the District of Columbia was addressed to "Kenneth L. Wainstein, United States Attorney, U.S. Attorney's Office, 555 4th Street, N.W., Washington, DC 20530." See Docket Entry 8.

[4] Plaintiff has also previously filed an Affidavit in Support of Default on September 11, 2006 and the Clerk of the Court entered a default against all defendants on September 12, 2006.

an extension of time to respond to the motion for default judgment. In that motion, defendants requested the extension of time to investigate the circumstances giving rise to the lack of a response to the complaint by defendants. Defendants also advised the Court that counsel anticipated providing the Court and plaintiff with an explanation of the facts leading to the entry of default, requesting that the default be lifted, and requesting a briefing schedule to address the merits of plaintiff's claims.[5]

## ARGUMENT

I. **PLAINTIFF FAILED TO PROPERLY SERVE THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be properly served with the summons and complaint within 120 days of the filing of the complaint. Pursuant to Fed. R. Civ. P. 4(i)(1), service upon the United States *must* be effected by "delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the *civil process clerk* at the office of the United States attorney." Fed. R. Civ. P. 4(i)(1)(A) (emphasis added).[6] Upon effecting service, "the person effecting service shall make proof thereof to the court." Fed. R. Civ. P. 4(l).

---

[5] As explained below, once the Court vacates the default and denies plaintiff's motion for default, defendant anticipates requesting a briefing schedule on the merits for this matter.

[6] Pursuant to Fed. R. Civ. P. 4(i)(1)(B), the plaintiff also must send a copy of the summons and of the complaint "by registered or certified mail to the Attorney General of the United States."

The docket in this case does not contain any proof of proper service on the United States Attorney for the District of Columbia and undersigned counsel is unaware of any such service having been made. In fact, plaintiff's filings show that service was not properly effected on the United States Attorney's Office. As set forth above, proper service by certified or registered mail *must* be addressed to the "civil process clerk." Fed. R. Civ. P. 4(i)(1)(A). On May 23, plaintiff filed the return receipts for service of the complaint. In direct contradiction of the Federal Rules, plaintiff addressed the certified mail service copy of the complaint to "Kenneth L. Wainstein, United States Attorney, U.S. Attorney's Office, 555 4th Street, N.W., Washington, DC 20530." See Docket Entry 8. Plaintiff did not send the service copy of the complaint by certified mail to the "civil process clerk," as required for proper service.

It is well accepted that "[t]o accomplish service, a plaintiff *must* serve the United States as prescribed in Rule 4(i)(1)." Wells v. Newsome, No. 03-228, slip op. at 3 (D.D.C. August 21, 2003) (emphasis added) (holding that service by certified and registered mail addressed to "Assist U.S. Attorney Office" was improper).[7] As this Court made clear in Wells, a defendant is not required to answer a complaint until he has been properly served. See Wells, slip op. at 5 ("Until a person specified in the Federal Rules of Civil Procedure to receive process does so, she is not obligated to act.") (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action . . . by formal process.")). Thus, having not received formal notice of plaintiff's complaint through proper service, defendant was not obliged to answer the

---

[7] For the Court's and Plaintiff's convenience, Defendant has attached a copy of the Wells opinion as Exhibit 1.

complaint.  See Fed. R. Civ. P. 12(a)(3)(B) (requiring a defendant to respond to the complaint only 60 days after the later of the service on the defendant and the Attorney General).

Actual notice does not substitute for technically proper service under Rule 4 and will not permit the Court to render a judgment against a defendant.  See Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); see also Stafford v. Briggs, 444 U.S. 527 (1980).  The service of process thus being defective as to the defendants, defendants cannot be held in default.  Although defendants acknowledge that this argument may appear excessively technical,[8] this is a case where plaintiff is requesting that a default judgment be entered against defendants.  Because of this fact, plaintiff should be required to serve defendant in a technically proper manner, and defendants may demand that service be technically proper.  It was not.  Accordingly, this Court should vacate the default entered by the Clerk on September 12, 2006, and deny plaintiff's motion for default judgment.[9]

---

[8] In fact, addressing service of process to the "civil process clerk," as mandated by the Federal Rules, rather than the United States Attorney, is not a mere formality.  Designating the civil process clerk as the recipient of the package helps insure that service of process is directed to the appropriate personnel within the United States Attorney's Office, and minimizers the risk that the package will be misdelivered or misplaced.

[9] The defendants' limited appearance herein in the form of this motion does not constitute an acquiescence in the manner of service, a waiver of proper service, or a voluntary entrance of appearance.  Notwithstanding this fact, defendants will not require plaintiff to reserve the complaint.  Instead, as set forth below, once the September 12, 226 Entry of Default is vacated, and the Court denies plaintiff's motion for default judgment, defendant will file a proposed briefing schedule for this matter.  Counsel has spoken to plaintiff's counsel and the parties agree that a proper briefing schedule would be that motions for summary judgment would be due 45 days after the Court vacates the default and denies plaintiff's motion for default, oppositions to motions for summary judgment would be due 30 days after motions are filed, and replies due 20 days following the filing of oppositions.

## II.   EVEN IF SERVICE HAD BEEN PROPER, DEFAULT IS NOT PROPER OR WARRANTED IN THIS ACTION

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). As instructed by Rule 55(b), however, the Clerk may only enter default when the claim is for a "sum certain." See Fed. R. Civ. P. 55(b)(1). When the demand is not for a sum certain, a judgment of default may only be entered by the Court. Fed. R. Civ. P. 55(b)(2).

In this matter, the Court has not entered the default. Instead, default was entered by the Clerk on September 12, 2006. Pursuant to Rule 55(b)(1), this entry was improper and must be vacated; this case is not for a "sum certain," it seeks declaratory relief. Moreover, because service was not proper, defendants were not obligated to respond to the complaint and, therefore, plaintiff has not met the standard for an entry of default pursuant to Rule 55(a).

Even if the entry of default was proper in this matter, which is was not, Rule 55(c) authorizes a Court to set aside a default for "good cause shown." Fed. R. Civ. P. 55(c); International Painters & Allied Trades Union & Industry Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp.2d 22, 26 (D.D.C. 2003) (noting that a default can be set aside under rule 55(c) for "good cause shown"). As explained below, the circumstances of this case support good cause because the entry of default was the result of internal confusion at the Department of Justice regarding which litigating section would handle the case and not simply a "failure to respond." The general standard in this Circuit for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules

of Civil Procedure. As the Court of Appeals in <u>Jackson</u> noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." <u>Id.</u> at 835. The <u>Jackson</u> Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. <u>Jackson</u>, 636 F.2d at 835-36; <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 442 (D.C. Cir. 1987).

Moreover, when one seeks default against the government or its officers, the standard is significantly higher.

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Fed. R. Civ. P. 55(e); <u>see</u> <u>also</u> <u>O-J-R v. Ashcroft</u>, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).

Pursuant to <u>Jackson</u>, default in this case is not proper. Shortly after the receipt of the complaint in the United States Attorney's Office (albeit not by proper service), the complaint was reviewed by an attorney supervisor in the Office's Civil Division. Upon his review, it appeared that the case was the type normally handled by the Environmental and Natural Resources Division ("ENRD") of the Department of Justice. Accordingly, on May 29, 2006, the paralegal who handles docketing at ENRD was informed of the case by email. By return email, the ENRD paralegal responded by requesting a copy of the complaint, which was promptly

provided. Based upon this exchange of emails, the Civil Division's supervising personnel presumed that the case would be handled by ENRD, not by the United States Attorney's Office.

It now appears that the ENRD personnel, after reviewing the complaint, concluded that the case was instead one that should be handled by the Federal Programs Branch in the Department of Justice, and sent the case materials to Federal Programs by interoffice mail. Federal Programs, however, has no record of receiving the complaint and, therefore, took no action with respect to it.  Accordingly, it appears that the failure of defendants to file an answer resulted from internal confusion within the Department of Justice as to which litigating section would handle the matter, not from any willful delay.  In fact, upon learning of the problem, the U.S. Attorney's Office acted immediately to rectify it.

In short, "[t]his is not a case in which a default judgment was necessary because the defendants were 'essentially unresponsive.'" Jackson, 636 F.2d at 837 (internal quotation omitted).  Instead, the lack of a response was due to internal confusion and misunderstanding within the Department of Justice.  Thus, applying the first prong of the Jackson test, the Clerk's September 12 entry of default should be set aside and this Court should deny plaintiff's motion for default judgment.

An analysis of the second and third prongs of Jackson (whether the plaintiff has been prejudiced by the delay and whether the alleged defense is meritorious) also militates in favor of vacating the default.  See  Jackson, 636 F.2d at 835-36.  First, plaintiff's motion for default, although setting out the reasons that it believes the Agency decision is erroneous, fails to make a showing, or even an allegation, that it will suffer prejudice in the absence of default.

Second, as shown by the Agency decision itself, there are many meritorious defenses to plaintiff's claims, including, among other things, that its claims are precluded by <u>res judicata</u>, that plaintiff itself conceded to the funding formula used by the Agency, that the decision was not arbitrary or capricious in light of the record considered by the Agency, and potentially, that this action requires the joinder of the other tribes that may be affected by a decision in plaintiff's favor. Accordingly, granting plaintiff a default in light of the potential meritorious defenses to its claims would be inequitable and improper, particularly in light of the heightened standard necessary to obtain a default judgment against the United States, its agencies or employees.

## **CONCLUSION**

Because service was not properly effectuated, and default is not warranted in this action, defendants respectfully request that the Court vacate the September 12 entry of default by the Clerk and deny plaintiff's motion for default.

October 12, 2006                            Respectfully submitted,

      /s/
JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

      /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

      /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)