UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NIGHOUS WELLS III,**<br><br>              **Plaintiff,**<br><br>              v.<br><br>**JAMES E. NEWSOME, Chairman**<br>**U.S. Commodity Futures Trading**<br>**Commission,**<br><br>              **Defendant.** | Civil Action 03cv00228  (HHK) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Nighous Wells III, brings this action against defendant, James E. Newsome, Chairman of the Commodity Futures Trading Commission ("CFTC"), alleging that he was improperly denied competitive promotions in 1997, 1998, and 2002. Wells brings suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (2000), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (2000), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 *et seq.* (2000).

Presently before this court is Wells's motion to strike defendant's motion to dismiss, or in the alternative, for summary judgment, as untimely. Upon consideration of this motion, the opposition thereto, and the record of this case, the court concludes that Wells's motion to strike must be denied.

**I. BACKGROUND**

Wells filed a complaint against defendant on February 12, 2003, alleging employment discrimination. Wells then served the summons and complaint on the Assistant United States

Attorney for the District of Columbia by certified and registered mail. An internet receipt and return receipt indicate that the summons and complaint were addressed to the "Assist [sic] U.S. Attorney [sic] Office" and received in the general mail room on February 20, 2003. Pl.'s First Mot. to Strike, Ex. A. It appears that the summons and complaint were forwarded to the United States Attorney and received in that office by the civil process clerk on February 25, 2003.[1] Defendant filed a motion to dismiss, or, in the alternative, for summary judgment on April 28, 2003. In the instant motion, Wells contends that defendant's motion to dismiss should be struck because it was due on April 21, 2003, and thus was untimely.[2]

## II. ANALYSIS

**A. Service of Process**

   **1. Rule 4(i)(1)**

First, the court will examine service of process, as the timing of defendant's response is governed by when service of process was effectuated. *See* Fed. R. Civ. P. 12(a). Service of process in a federal case is governed by Federal Rule of Civil Procedure 4. Specifically, Rule 4(i)(2)(A) governs service of process on an agency or corporation of the United States, or an

---

[1] A copy of the summons shows a "received" stamp with a handwritten date of February 25, 2003. Def.'s First Opp'n, Ex. B (Decl. of D. Saunders, Ex. 1). Wells asserts that the date looks to be altered from either February 21 or February 24. The court will not entertain Wells's assertion, as it is merely speculative. For the purposes of this motion, the court relies on the sworn declaration of Debra J. Sanders, a civil process clerk in the United States Attorney's Office for the District of Columbia, in which she states that she received and recorded Wells's summons and complaint on February 25, 2003. *Id.* (Decl. of D. Saunders).

[2] Wells first filed a motion to strike defendant's motion to dismiss, or in the alternative, for summary judgment as untimely on May 2, 2003. This court denied, without prejudice, this motion to strike on May 27, 2003, as Wells did not discuss the anticipated motion with opposing counsel, as required by LCvR 7.1(m). *See* Order, May 27, 2003.

officer or employee of the United States sued in an official capacity. To accomplish service, a plaintiff must serve the United States as prescribed in Rule 4(i)(1) and by sending a copy of the summons and complaint by registered or certified mail to the defendant officer or employee. In turn, Rule 4(i)(1) states that service upon the United States is effected:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by *registered or certified mail addressed to the civil process clerk at the office of the United States attorney* and
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

Fed. R. Civ. P. 4(i)(1) (emphasis supplied). The advisory committee's notes on the 1993 Amendments to the Federal Rules of Civil Procedure state: "[t]o assure proper handling of mail in the United States attorney's office, the authorized mail service must be *specifically addressed* to the civil process clerk of the office of the United States attorney." Fed. R. Civ. P. 4(i) advisory committee's note (1993 amendments) (emphasis supplied).

Because the summons and complaint in the instant matter were addressed to the "Assist [sic] U.S. Attorney [sic] Office" and not to the *civil process clerk*, the court concludes that service was technically improper.

**2. Enforcement of Service of Process Rules**

Courts have strictly construed the rules governing service of process on the United States. *See, e.g.*, *Nash v. United States Dep't of Justice*, 2003 WL 21659430, at *1, n.1 (9th Cir. July 10, 2003) (noting that sending the summons and complaint to the civil process clerk at the United States Attorney's office by *regular* mail would not effect service); *Motley v. Parks*, 2001 WL

3

849637, at *3, 5 (C.D. Cal. July 23, 2001) (finding that service of process on the United States Attorney was insufficient when plaintiff first mailed complaint and summons to the civil process clerk by regular mail and then sent it by certified mail to the Assistant United States Attorney); *Kashin v. Kent*, 2001 WL 872947, at *1 (E.D. Pa. May 15, 2001) (questioning whether service of process sent to the "United States Attorney Office" complied with rule); *Smith v. Dep't of Treasury*, 1997 WL 406305, at *3 (N.D. Ga. Apr. 28, 1997) (finding that service on the United States Attorney and the Attorney General by way of Express Mail rather than registered or certified mail violated the rule); *Addanki v. Def. Logistics Agency Def. Pers. Support Ctr.*, 1996 WL 635590, at *1 n.1 (E.D. Pa. Oct. 31, 1996) (noting that service of process on the United States Attorney by certified or registered mail that is *not* addressed to the civil process clerk is a violation of the rule).

Thus, were the court to enforce the rule governing service of process on the United States as strictly as other courts, this defect could have resulted in dismissal.[3]

---

[3] In this case, however, by filing a motion to dismiss, or for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, defendant has waived its right to seek dismissal for improper service of process. A defendant may move for dismissal of a suit for improper service under Federal Rule of Civil Procedure 12(b)(5). However, "[i]t is, of course, elementary that a defense of improper venue or lack of personal (as opposed to subject matter) jurisdiction is waived unless the defense is asserted by a pre-answer motion (*i.e.,* Rule 12(b)) or in a responsive pleading, *i.e.,* the answer or a timely amendment thereto." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988) (citing Fed. R. Civ. P. 12(h)(1) and Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1388 (1969)); Fed. R. Civ. P. 12(h)(1). Specifically, "when a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction or insufficient service of process." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

**B. Wells's Motion to Strike Must be Denied**

In consideration of the problems surrounding service of process, the court concludes that Wells's motion to strike must be denied. Two alternate grounds exist for denial of this motion: (1) defendant was not obligated to act until properly served, or (2) defendant is entitled to an enlargement of time to respond to the complaint.

**1. Defendant's Obligation Begins Upon Proper Service**

Though defendant waived a potential defense by not raising the issue of defective service of process, the court cannot overlook this improper service as it bears on the timing of a defendant's response to the complaint. "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996); *accord 1015 Half St. Corp. v. Warehouse Concepts, Inc.*, 1999 WL 1212885, at *3 (D.D.C. Oct. 26, 1999). The rule's complex requirements with regard to service of process are intended to provide notice to all relevant parties.[4] Until a person specified in the Federal Rules of Civil Procedure to receive process does so, she is not obligated to act. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action . . . by formal

---

[4] Rule 4(i)(2)(A) states that service on an officer or employee of the United States, acting in her official capacity, is effected by serving the United States *and* the officer or employee. Fed. R. Civ. P. 4(i)(2)(A). Service upon the United States has almost uniformly included a "two-fold requirement of service," dating back to individual statutes preceding the Federal Rules of Civil Procedure, in order that both the Attorney General, who has ultimate responsibility for the defense, and the United States Attorney, who mounts the specific defense, both have notice and are not obligated to provide each other this notice. *Messenger v. United States*, 231 F.2d 328, 331-332 (2d Cir. 1956) (Hincks, J. concurring) (providing an explanation of the history of service of process on the United States).

process."); *see Davenport v. United States*, 2002 WL 1310282, *7 (D.S.C. June 11, 2002) (finding that as the plaintiff did not properly serve the Secretary of the Treasury, the Attorney General, and the United States Attorney, the time period for removal did not begin to run). Consequently, the court concludes that defendant's obligation to respond to the complaint did not begin until February 25, 2003, when the civil process clerk received the summons and complaint. Accordingly, defendant's motion to dismiss was timely filed on April 28, 2003. *See* Fed. R. Civ. P. 12(a)(3)(A) (allowing a federal defendant to respond to a complaint within 60 days after service of process on the United States Attorney).

### 2. Rule 6(b) Enlargement of Time

Alternatively, even if the court did not conclude that defendant's obligation was triggered upon receipt by the civil process clerk, the court still finds cause to deny Wells's motion to strike. Under this alternative, the court finds that defendant would be entitled to an enlargement of time under Rule 6(b).

Federal Rule of Civil Procedure 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Fed. R. Civ. P. 6(b). In the matter at hand, the relevant portion is Rule 6(b)(2). Under Rule 6(b)(2), defendant needs to have made a motion and the delay must be the result of "excusable neglect."

Defendant has not made a formal motion to enlarge time. However, the D.C. Circuit has

suggested that the motion requirement under Rule 6(b) could be "deemed satisfied by defendants' 'Memorandum in Opposition to Plaintiff's Motion to Strike.'" *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *cf. Ham v. Smith*, 653 F.2d 628, 631 n.7 (D.C. Cir. 1981) (noting that the district court had treated *pro se* plaintiff's letter requesting additional time to respond to defendant's motion as a motion under Rule 6(b)).  In consideration of the confusion surrounding the service of process, the court will consider defendant's opposition to the renewed motion to strike as a satisfying the requirement of a motion to enlarge time for the purposes of Rule 6(b).

Turning to the "excusable neglect" prong of Rule 6(b)(2), the factors a court should consider include:  "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *In re: Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993))*; see Webster v. Pacesetter, Inc.*, 2003 WL 21511960, at * 2 (D.D.C. July 1, 2003) (citing *Pioneer Inv. Servs.*, 507 U.S. at 395); *see generally Yesudian*, 270 F.3d at 971 (stating that the "excusable neglect" standard typically employed for Rule 6(b) comes from *Pioneer*'s construction of Bankruptcy Rule 9006(b)).  In *Pioneer*, the Supreme Court explained that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 392 (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (2d ed. 1987)).

7

In consideration of these factors, the court concludes that defendant would be entitled to a Rule 6(b)(2) enlargement of time. First, Wells has neither demonstrated nor alleged that he was prejudiced in any way by the delay. Second, the length of the delay–five business days–is very minimal and had no appreciable impact on court proceedings. Third, the reason that defendant filed its motion out of time was likely a result of Wells's technically defective service. Finally, the court concludes that there is no indication that defendant acted in bad faith. Defendant filed its motion within what it apparently believed was the time allowed for doing so, in accordance with its understanding of when service had been effected. Therefore, the court concludes that defendant is entitled to a Rule 6(b)(2) enlargement of time for filing their motion to dismiss. As such, Wells's motion to strike must fail.

### III. CONCLUSION

For the foregoing reasons, it is this 21st day of August, 2003, hereby

**ORDERED** that plaintiff's motion to strike is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge