IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZEN POTAWATOMI NATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, et al., ) <br> ) <br> Defendants. ) <br> ) | Case Number: 1:06CV00830 <br><br> Judge Gladys Kessler |

# EXHIBIT D

# IN SUPPORT OF

# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**\*9240 IBCA No.** 4317R-4318R/02

**IBCA No. 4317R-4318R/02**
**2003 WL 133,274**

**IBCA**

**APPEALS OF ABSENTEE SHAWNEE TRIBE OF OKLAHOMA**
Compact No. OSGT 820 (AFA's 2000 & 2001)
January 14, 2003

Director, Office of Self-Government
APPEARANCE FOR APPELLANT: William R. Perry, Esq.
Sonosky, Chambers, Sachse, et al.
Washington, D.C.
APPEARANCE FOR INTERVENOR: Jon N. Pappas, Esq.
Shawnee, Oklahoma
APPEARANCE FOR GOVERNMENT: Charles R. Babst, Jr., Esq.
Department Counsel
Tulsa, Oklahoma

<u>Order Denying Intervenor's Motion to Reconsider Board's Final Decision</u>

On November 4, 2002, the Board issued its Decision in the above-entitled matter, granting the Absentee Shawnee Tribe's Motion for Summary Judgment. The Decision was final, subject to a possible appeal to the Federal Circuit Court of Appeals. However, on December 4, 2002, counsel for the Citizen Potawatomi Nation (Intervenor) submitted a Motion seeking to have the Board reconsider its Decision "pursuant to Rule 40(a)(1)," on the basis of a brief submitted in support of its Motion. The asserted Rule 40(a)(1) was not quoted or otherwise referred to, and the Motion does not attempt to provide or discuss any legal basis for a reconsideration request by the Intervenor, which was not a party to the Appeal before the Board. In addition, as pointed out by Appellant's Brief in Opposition to the Motion, the Intervenor does not present any new grounds for reconsideration beyond what it had argued previously.

Reconsiderations of decisions by Boards of Contract Appeals are relatively rare and are not undertaken without good cause. Our rule at 43 CFR 4.315 clearly states that reconsideration is to be granted "only in extraordinary circumstances" pursuant to a petition by a<u> party</u> to the decision. In addition, cases by other Boards make clear that reconsideration is virtually always denied when the motions for it argue points already made and issues that have already been, or could have been, raised earlier.<u> See</u> ROI Investments v. General Services Administration, GSBCA No. 15488, 01-2 BCA 31,523, and Janice Cox dba Occupro Limited, ASBCA No. 50587, 01-2 BCA 31,619. Essentially, to justify reconsideration,

either new evidence must be presented, Elam Woods Construction Company, ASBCA No. 52448, 02-1 BCA 31,658, or factual or legal errors must be present, John Blood, AGBCA No. 2002, 02-1 BCA 31,830.

    Here, no new evidence has been provided, and no factual or legal error as such has been alleged.  The Intervenor complains only that awarding money to Appellant is likely to cause the Government to withhold the same amount from the Intervenor in the future, an issue that was not before the Board.  It therefore asks that the Board award a similar amount to the Intervenor as well.  But under the facts of this Appeal we have no authority to do so.  Accordingly, the Motion for Reconsideration must be, and hereby is, denied.

Bernard V. Parrette
Administrative Judge

I concur:
Candida S. Steel
Chief Administrative Judge